Alonzo **BELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38324.

Court of Criminal Appeals of Texas.

June 9, 1965.

Rehearing Denied Oct. 13, 1965.

No attorney of record on appeal, for appellant.

Henry Wade, Dist. Atty., Don Wills, John Nelms and W. John Allison, Jr., Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is unlawful possession of a narcotic drug; to-wit, marihuana; the punishment, 20 years confinement in the Texas Department of Corrections.

The state adduced evidence from Officer Johnny Johnson of the Dallas Police Department reflecting that he was acting as an undercover agent buying narcotics. Officer Johnson worked with Clyde Harris, an informer and purchaser. The two men rode around in Johnson's car in South Dallas looking for someone to buy marihuana from. They then went to the 3300 block of Oakland and parked in front of the Cam Cafe, a colored beer joint and cafe, around 10:00 p. m. on the date in question, April 24, 1964. The witness and Harris were standing by the car talking when the appellant approached and started talking to Clyde Harris. Harris asked appellant if he had any "squares" (a slang expression for marihuana.) The appellant said that he didn't have any "squares" but that he could get some. Appellant asked Harris how many and Harris replied five. The witness then gave Harris $5.00, which Harris gave to appellant. Appellant then went around to the side of the Cam Cafe, out of sight. He was gone approximately 5 or 6 minutes, then returned and gave Harris the cigarettes in the presence of the witness, Johnson. There were 3 cigarettes, which Harris handed to Johnson. Appellant said that he could only get "tray", and he handed Harris $2.00 in change and Harris handed it to Johnson. Johnson related that he put the cigarettes in his pocket. He stated that they looked like marihuana cigarettes. Johnson and Harris then drove off and Johnson telephoned Detective Cavender. The next morning the witness met Detective Cavender and Detective Wilson, and he gave the cigarettes to Detective Cavender, placing his initials on them prior to delivering them to Mr. Cavender. Johnson later pointed out appellant and appellant was arrested.

Testimony adduced from Clyde Harris substantially corroborated that of Johnson.

Detective C. H. Cavender testified that he had been with the Dallas Police Department for 14 years; that he worked in the Narcotics Section. He related that Officer Johnson met him on April 25 and gave him 3 cigarettes. This witness described the cigarettes as being a green vegetable substance that appeared to be marihuana. The officer further related that he put his initials on the cigarettes, rolled them back up, put them in an envelope, initialed the envelope and dropped it in the narcotics box in the crime scene search section. He stated that the envelope was sealed. The detective identified the cigarettes as being the same ones Johnson had given him.

By stipulation, testimony was adduced from R. L. Studebaker showing that he had taken the envelope with the cigarettes in it out of the lock box and delivered them

to Louie Anderson, a chemist at Parkland Hospital.

Louie Anderson testified that he was a chemist for Dallas City-County Criminal Investigation Laboratory at Parkland Hospital. He testified that he had examined the envelope containing the cigarettes and said: "These are marihuana cigarettes".

Mr. Anderson related that he had received them from R. L. Studebaker on April 27, 1964, and that after he had examined them, he turned them over to Dr. M. F. Mason.

Dr. M. F. Mason testified that his analysis showed the cigarettes contained vegetable material which was marihuana.

No defensive testimony was adduced other than stipulated testimony from Clyde Wilkerson to the effect that he was employed as an elevator operator for the Texas Bank Building since April 16, 1961, and that Alonzo Bell, the appellant, came to work as a fellow employee as an elevator operator and continued in such capacity until about June 19, 1964.

 We find the evidence sufficient to sustain the verdict.

 Appellant contends that the trial court erred in refusing to grant his Amended Motion for New Trial wherein he alleged newly discovered evidence of identity. The record on the merits reflects that appellant was known to the witness, Clyde Harris, as James Shell. It is appellant's contention that the use of an "alias" was prejudicial to him. The evidence is abundantly sufficient as to appellant's identification as the possessor and seller of narcotics, marihuana, whether he was known as Bell or Shell. We perceive of no error in the action of the trial court in overruling appellant's amended motion for new trial. If the evidence were newly discovered, we fail to see how it could have helped appellant had it been adduced at the trial for we can see no prejudice to appellant in being known by an "alias".

 Appellant contends that the trial court erred in refusing to grant his motion for a mistrial as a result of an unresponsive answer elicited from a state's witness on cross-examination pertaining to an unrelated offense. Appellant's counsel asked the witness, Clyde Harris, if he had bought any cigarettes or marihuana from appellant before, and the witness replied that he had smoked marihuana with him before. "I had seen him buy it." We think the answer, while unresponsive, was clearly harmless. The question asked called for an answer encompassing an extraneous transaction or offense. We fail to see any material difference in smoking or possessing marihuana. The smoker would necessarily have to be a possessor in order to have something to smoke. The trial court sustained the objection and instructed the jury to disregard it.

We find no error in the court's action.

Finding no reversible error, the judgment is affirmed.